IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


JAMES E. BERNARD, JR.,

        Plaintiff,

vs.                                                                 No.: 2:13-cv-2024-SHM-cgc

ILLINOIS CENTRAL RAILROAD COMPANY,

        Defendant.


## REPORT AND RECOMENDATION

Before the Court, by way of Order of Reference[1] is the November 1, 2013 Motion to Dismiss (D.E. # 26) filed by Defendant Illinois Central Railroad Company.

Pursuant to Local Rule 12.1, the opposing party shall file a response within twenty-eight (28) days after service of the motion. Plaintiff has failed to file a response to the motion.

On February 6, 2014, the undersigned entered an order directing Plaintiffs to show cause within fourteen days as to why the Court should not issue a Report and Recommendation that the motion at D.E. # 26 be granted. To date, no response to the Order to Show Cause has been filed.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure

---

[1] Administrative Order 2013-05 refers all cases filed by *pro se* non-prisoners to the assigned U.S. Magistrate Judge for management of all pretrial matters including proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

1

to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting his case. There has been no activity by Plaintiff since the Order granting his counsel's motion to withdraw on December 6, 2013. The Defendant has been prejudiced in that it has taken steps to further the case without cooperation from Plaintiff (see D.E. #37 Memorandum in Support of Motion to Dismiss, D.E. #38 Motion to Stay Scheduling Order). As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff. The Motion to Dismiss and Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. In Plaintiff's counsel's Notice of Withdrawal (D.E. #34), Mrs. Brown notified Plaintiff of the response deadline for the Motion to Dismiss, Plaintiff's deposition date and the remaining dates in the schedule for this case. Plaintiff had an opportunity to respond to the Motion and the Order to Show Cause and possibly avoid dismissal. Plaintiff has ignored the Court's orders and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's

inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power and that the Motion to Dismiss be DENIED AS MOOT.

Signed this 29th day of April, 2014.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**